IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-00742-BNB

JUN 1 5 2006

MARK RAMIREZ,

GREGORY C. LANGHAM
CLERK

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JOE ORTIZ/Director,
CHARLES OLIN, and
PAT MONTEZ,

     Defendants.

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff Mark Ramirez is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He filed *pro se* a complaint for injunctive relief pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated.

The Court must construe the complaint liberally because Mr. Ramirez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ramirez will be ordered to file an amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Mr. Ramirez asserts that on September 22, 2000, he was sentenced to two years to life imprisonment. He contends that the DOC is requiring him to participate in the sex-offender treatment program (SOTP). He alleges that he completed the SOTP core curriculum, advanced to and completed the SOTP phase one, and was transferred to the Arrowhead Correctional Facility to complete the SOTP phase two. He asserts that he began phase two and was discharged from the SOTP without notice and without any reason. He further asserts that, after being transferred to another correctional facility, he was returned to the Arrowhead Correctional Facility to complete the SOTP phase two but again was discharged from the SOTP without notice and without any reason. He maintains that he has been denied SOTP treatment since his discharge from the program, has been placed on a SOTP wait list for an indefinite period of time, and, therefore, is being denied the opportunity to progress through the SOTP and be considered by the state parole board for release on parole. On the basis of these allegations, he contends that his due process rights have been violated because he apparently believes he has a liberty interest in participating in the SOTP.

Mr. Ramirez must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v.*

2

*City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joe

Ortiz, DOC executive director, may not be held liable merely because of his or her

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);

*McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it is not clear to the Court that Mr. Ramirez has exhausted his claims

through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006),

"[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." An inmate must exhaust

administrative remedies before seeking judicial relief regardless of the relief sought and

offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739

(2001), and regardless of whether the suit involves general circumstances or particular

episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Ramirez is a prisoner confined in a correctional facility. The claims he

asserts relate to prison conditions. Therefore, he must exhaust the available

administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading

requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210

(10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative

remedies, Mr. Ramirez must "either attach copies of administrative proceedings or

describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a

total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365

F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Ramirez has failed to exhaust

3

administrative remedies for any one of his claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Ramirez and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to:  policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally."  DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure.  *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.  The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted.  *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.  Mr. Ramirez contends that he has exhausted steps one and two of the DOC grievance procedure but that he has not yet received a response to his step-three grievance.  However, he fails to allege when he submitted his step-three grievance.  He also fails either to attach copies of his grievances and the responses to the grievances or describe their disposition with specificity.  Therefore, Mr. Ramirez will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Ramirez is advised that he must provide sufficient copies of the amended complaint to serve each named defendant.  The Court will not make the

4

copies necessary for service. Therefore, Mr. Ramirez should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Ramirez file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ramirez, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Ramirez submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Ramirez fails to comply with this order to theCourt's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 15, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 06-cv-00742-BNB

Mark Ramirez
Reg. No. 106909
Fremont Corr. Facility
P.O. Box 999
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _6-15-06_

GREGORY C. LANGHAM, CLERK

By:_____

Deputy Clerk